PER CURIAM.
This court having heretofore issued its rule nisi in prohibition, prohibiting the county judges’ court from considering a rule to show cause directed against a nonresident executor in his said capacity and individually as to why he should not account for the activities of a New York law partnership in which he and the deceased had been members, service on said nonresident executor was made under the provisions of § 732.47(2), Fla.Stat.1959, F.S.A. Following a return to the rule nisi, and having heard argument, it is the opinion of the court that the rule should be made absolute, it appearing that the accounting sought is a personal action against the petitioner which did not “accrue” in the administration of the estate and, therefore, the petitioner could not be served personally through his agent designated under, the Statute.[1] Moreover, it appears that th'e accounting involved here is one cognizable solely in equity (§ 6(3), Article V, of the Florida Constitution, F.S.A.). It is specifically not an accounting within the estate. *78 Section 732.47(2), Fla.Stat.1959, F.S.A., providing a method of substituted service upon a nonresident executor is merely an additional method of service of process in whatever court an action may be filed in this State, and not a grant of additional jurisdiction to the county judges’ court.
Judgment in prohibition is awarded, but we assume it will not be necessary to issue the writ absolute in prohibition.

. Section 732.47(2), Fla.Stat.1959, F.S.A., contains the following proviso: “ * * * provided, that such personal action must have accrued in the administration of such estate. * * * ”